```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF INDIANA
                  SOUTH BEND DIVISION
SEBASTIAN CHAPMAN,             )
                               )
      Petitioner               )
                               )
           v.                  )    No. 3:11-CV-388
                               )
SUPERINTENDENT, MIAMI          )
CORRECTIONAL FACILITY,         )
                               )
      Respondent.              )
```

## OPINION AND ORDER

Petitioner Sebastian Chapman, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a prison disciplinary hearing. The Respondent has filed his response to the petition and the administrative record. For the reasons set forth below, the Court **DENIES** the Petitioner's habeas corpus petition.

BACKGROUND

Chapman was originally charged with the offense of assault on staff, but the hearing officer changed the charge to assault with serious injury.  According to the record, Chapman pled guilty to the charge of assault with serious injury, and was sanctioned with one year in disciplinary segregation, a loss of thirty days of earned credit time, and a demotion of one level in credit earning time  classification (DE 7-5).

DISCUSSION

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground one of his petition for writ of habeas corpus, Chapman asserts that "the hearing officer changed the information from an A117, assault on staff, to an A/102, assault/battery with weapon or serious injury" (DE 1 at 4). The Petitioner alleges that he was not aware that "the hearing officer had changed the infraction" and that therefore his guilty plea was not knowing. (*Id.*) In ground two of his petition Chapman asserts that "[t]he Report of Conduct and Staff Reports do not read that a weapon was used nor that serious bodily injury resulted" (DE 1 at 4) and that "therefore there is no evidence of an A102" (*Id.*).

<u>Claim that the Hearing Officer Changed the Charge Against the Petitioner</u>

Chapman was initially charged with committing an assault on staff, code number A117 (DE 7-1). At the hearing, the hearing officer changed the charge to A102, assault with serious injury (DE 7-5), and the Petitioner pled guilty (*Id.*). Chapman admits that he pled guilty, but claims that he was not aware that the hearing officer had changed the charge, and that he thought he was pleading guilty to A117.

In addition to the administrative record, the Respondent has submitted the declaration of the hearing officer, Joshua Webb (DE 8). Prison officials may supplement the record in a habeas proceeding with prison disciplinary proceedings by submitting affidavits or declarations. *Forbes v. Trigg*, 976 F.2d 308, 313 (7th Cir. 1992) (Correctional Sergeant submitted affidavit stating "that he personally informed Forbes of the [drug testing] requirement before Forbes began working."); *Scruggs v. Jordan*, 435 F.Supp.2nd 869, 874 (N.D.Ind. 2006) (Respondent submitted affidavit of the disciplinary hearing board chairman to supplement the record of a prison disciplinary hearing). A petitioner may also submit an affidavit dealing with his version of a prison disciplinary hearing. *Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006).

In his declaration, Joshua Webb, states that:

> 5. In this case, after reviewing the record I informed Offender Chapman that I was changing the offense originally charged from A-117, assault on staff, to A-102

>assault with serious injury. Offender Chapman asked me if I would allow the charge to remain an A-117. I explained to him that I was making the change because the officer he assaulted required outside medical treatment.
>
>6. After changing the offense in the Hearing Report and explaining that change to Offender Chapman, I asked him how he wanted to plead. He responded that he wanted to plead guilty. I recorded his response and my acceptance of his guilty plea on the Hearing Report.

DE 8 at 2.

The hearing officer's declaration establishes that he fully explained to Chapman that he was changing the charge against Chapman, and that Chapman knew he was pleading guilty to A117, not A102. Chapman did not submit his own affidavit contesting the facts asserted by the hearing officer.

In his traverse, Chapman asserts that "[i]t's uncontested that the hearing officer scratched out the A117 code number replacing it with an A102 without initialing the change in code number . . . in compliance with IDOC policy." (DE 9 at 2). But violations of prison policies do not state a claim for federal habeas relief, and that the hearing officer did not initial the change in the code number does not suggest that Chapman was not aware of the change or that Chapman was not aware that he was pleading guilty to A102 not A117. *Hester v. McBride*, 966 F.Supp. 765, 774-75 (N.D.Ind. 1997),

Sufficiency of the Evidence

Chapman argues that the conduct report does not state that the officer he attacked required medical attention, and therefore there

4

is insufficient evidence on the record to support a finding that he inflicted serious injury on his victim. It is true that the conduct report and other documents in the record are silent on the extent of the injuries Chapman caused to his victim. But the Court has already determined that the Hearing Officer informed Chapman that "the officer he assaulted required outside medical treatment" (DE 8 at 2), and that Chapman pled guilty to the charge of assault with serious injury.

"A guilty plea admits in legal effect the facts as charged" *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004). By pleading guilty to A117, assault with serious injury, Chapman admitted the elements of the offense, including that the officer he assaulted was seriously injured and required outside medical attention.

CONCLUSION

For the foregoing reasons, this Court **DENIES** this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1), and **DIRECTS** the Clerk to close this case.

**DATED: January 22, 2013**         /S/RUDY LOZANO, Judge
                                    **United States District Court**